```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/15/2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEMAR McGREGOR,

      Plaintiff,

-against-

BROADCAST MUSIC INCORPORATED (BMI),

      Defendant.

21-CV-3616 (JGK)

ORDER OF SERVICE

JOHN G. KOELTL, United States District Judge:

  Plaintiff, appearing *pro se*, brings this action under the Copyright Act, 17 U.S.C. § 101, *et seq.*, alleging that Defendant infringed on his musical compositions. By order dated June 4, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).

## DISCUSSION

### A. Service on Defendant BMI

  Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of

time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendant BMI through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for this Defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon this Defendant.

Plaintiff must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**B.     Flava Roots Publishing**

Plaintiff may not proceed *pro se* on behalf of Flava Roots Publishing. A person who is not an attorney may only represent himself in a *pro se* action; he may not represent another entity. *See Rowland v. California Men's Colony*, 506 U.S. 194, 202-03 (1993) (noting that courts do not allow corporations, partnerships, associations, and other "artificial entities" to appear in court without an attorney); *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997) ("[A]ppearance pro se denotes (in law Latin) appearance for one's self; so that a person ordinarily may not appear pro se in the cause of another person or entity."). Plaintiff may therefore bring his own claims *pro se*, but Flava Roots Publishing must obtain counsel in order to proceed with this action.

The Court grants Plaintiff thirty days to obtain a counsel on behalf of Flava Roots Publishing. If Plaintiff does not obtain counsel for Flava Roots Publishing by the end of the

2

thirty-day period, the Court may dismiss the claims asserted by Flava Roots Publishing, and the case will proceed with Kemar McGregor as the sole Plaintiff.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

Plaintiff is granted a thirty days' leave to obtain counsel for Flava Roots Publishing.

The Clerk of Court is further instructed to issue a summons, complete the USM-285 form with the address for BMI, and deliver all documents necessary to effect service to the U.S. Marshals Service.

SO ORDERED.

Dated: June 14, 2021
New York, New York

_____
JOHN G. KOELTL
United States District Judge

3

## DEFENDANT AND SERVICE ADDRESS

1. Broadcast Music Incorporated (BMI)
   7 World Trade Center
   250 Greenwich Street
   30th Floor
   New York, New York 10007-0030